Cristina C. Arguedas (CSB 87787)
Ted W. Cassman (CSB 98932)
Michael W. Anderson (CSB 232525)
ARGUEDAS, CASSMAN & HEADLEY LLP
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 845-3000
Facsimile: (510) 845-3003

*Attorneys for Diego Borja and Sara Portilla*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re Application of:<br><br>Daniel Carlos Lusitand Yaiguaje, et al.<br><br>Applicants,<br><br>for an Order pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 11-MC-80087 CRB<br><br>**MOTION TO INTERVENE AND JOINDER IN REQUEST FOR EXTENSION OF TIME** |
| In re Application of:<br><br>Daniel Carlos Lusitand Yaiguaje, et al.,<br><br>Applicants,<br><br>For the Issuance of a Subpoena for the Taking of Depositions and the Production of Documents in a Foreign Proceeding Under 28 U.S.C. § 1782 | Case No. 10-MC-80324 CRB (EMC)<br>(Related case) |
| In re Application of:<br><br>THE REPUBLIC OF ECUADOR,<br><br>Applicant,<br><br>For the Issuance of a Subpoena for the Taking of a Deposition and the Production of Documents in a Foreign Proceeding Under 28 U.S.C. § 1782. | Case No. 10-MC-80225 CRB (EMC)<br>(Related case) |

Diego Borja and Sara Portilla ("the Borjas") hereby move to intervene in opposition to the application for a subpoena filed by Daniel Carlos Lusitand Yaiguaje, *et al.* ("Applicants") directed toward Eric Mason, Joseph Parisi, and the Mason Investigative Group ("the Mason Group"). Counsel for the Borjas retained the Mason Group in connection with the Lago Agrio litigation for which Applicants now seek discovery. The Mason Group provided services in anticipation of litigation involving the Borjas and, as the agents of counsel, they may have been privy to attorney-client communications. Likewise, the Mason Group may be in possession of documents that constitute attorney work product belonging to the Borjas' attorneys. The Borjas therefore have the right to oppose Applicants' subpoena on the ground that it invades work product and attorney-client privileges held by counsel and the Borjas. Fed. R. Civ. P. 24(a)(2); *see, e.g., In re Grand Jury Subpoena*, 274 F.3d 563, 570 (1st Cir. 2001) ("Intervention is appropriate as of right when the disposition of an action may impair or impede the applicant's cognizable interest. Fed. R. Civ. P. 24(a)(2). Colorable claims of attorney-client and work product privilege qualify as sufficient interests to ground intervention as of right.").

The Borjas also join in the Mason Group's request for an extension of time to respond to the Court's May 9, 2011 order to show cause. Under counsel's interpretation of the Court's existing order, the Borjas would have until May 20 to file a brief in opposition to the Application. However, undersigned counsel will require additional time to assess the extent to which the subpoena invades the work product and attorney-client privileges.

Likewise, Applicants' scurrilous attack on counsel's relationship with their investigators deserves a robust response that will require more than several days to

compose. Among other false allegations, Applicants put forth the irresponsible claim that the Mason Group committed criminal misconduct in connection with their investigation of Wayne Hansen, a witness who made video recordings of a Lago Agrio judge and his associates soliciting a $3 million bribe. Applicants claim that the Mason Group "shuttled" Hanson out of the country and made "financial arrangements" to procure his silence. Memo. at 21. The evidence they cite does not even remotely support such assertions.

Applicants' claims are defamatory, unprofessional, and deserving of a full rebuttal. Counsel has known and employed Eric Mason and the Mason Group as private investigators for twenty years. Arguedas Declaration at ¶ 3. They enjoy a well-deserved reputation for impeccable integrity and professionalism. *Id.* at ¶ 4. Counsel has never known of a single instance of inappropriate or improper conduct by Eric Mason or any member of his firm. *Id.* We look forward to exposing the falsity of Applicants' reckless charges, and we respectfully ask this Court to afford us a full opportunity to do so.

Dated: May 15, 2011

/s/
Michael Anderson
ARGUEDAS, CASSMAN & HEADLEY LLP
*Attorneys for Respondents*