PATTON BOGGS LLP

The Legal Center
One Riverfront Plaza
6th Floor
Newark, NJ 07102
973-848-5600

Facsimile 973-848-5601
www.pattonboggs.com

January 11, 2013

**VIA ECF**

Honorable Nathanael Cousins
United States Magistrate Judge
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *In re Application of Daniel Carlos Lusitand Yaiguaje, et al.*, *Case No. 11-mc-80087 CRB (NC)*

Dear Judge Cousins:

I write as counsel for the Ecuadorian Plaintiffs ("Applicants") in the above-captioned matter.

The Court recently scheduled oral argument for January 16, 2013, on two related discovery matters: *In re Application of The Republic of Ecuador, et al.*, No. 11-mc-80171-CRB-NMC (motion to compel first filed Jan. 4, 2013), and *Chevron Corp. v. Donziger, et al.*, Case No. 12-mc-80237 CRB (NC) (motion to quash first filed Dec. 19, 2012). I write to seek clarification as to whether the Court would find helpful additional information or context on the Applicants' motion to compel the Mason Investigative Group and others ("Mason"), which was first filed August 31, 2011, and remains pending.

Judge Breyer authorized the issuance of a subpoena directed to the Respondent on August 5, 2011. (Dkt. 87.) In his order granting discovery, Judge Breyer further ordered that the parties meet and confer "forthwith" on disputes over Mason's privilege log and noted the Applicants' "right to review the applicability of the Mason Investigative Group's privilege assertions on a document-by-document basis." (Dkt. 87, at 22.) Following a meet and confer over Mason's privilege log, Applicants' promptly filed a motion to compel on August 31, 2011. Oral argument on the motion to compel was heard on September 28, 2011. This Court

subsequently ordered on March 22, 2012, that Mason produce certain documents for *in camera* review.

Two years has passed since this action was instituted and almost an entire year has elapsed since *in camera* review was ordered. To date, Respondent has only produced 14 documents and continues to withhold 168 documents which are the subject of the August 2011 motion to compel. Pending resolution of these document disputes, depositions have not yet been scheduled.

Applicants would appreciate this Court's guidance on whether additional information or context can be supplied to assist this Court's *in camera* review of Respondent's documents to help facilitate the Court's resolution of the pending motion to compel.

I thank the Court for its time and attention in addressing this discovery matter.

Respectfully Submitted,

James E. Tyrrell Jr.

James E. Tyrrell Jr.