Eric W. Bloom (admitted *pro hac vice*)
Gregory L. Ewing (admitted *pro hac vice*)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006
T: (202) 282-5000 | F: (202) 282-5100
ebloom@winston.com
gewing@winston.com

Attorneys for Applicants, Dr. Diego García Carrión, The Attorney General Of The Republic Of Ecuador, And The Republic Of Ecuador

James E. Tyrrell, Jr. (Admitted Pro Hac Vice)
PATTON BOGGS LLP
One Riverfront Plaza, 6th Floor
Newark, NJ 07102
T: (973) 848-5600 | F: (973) 848-5601
jtyrrell@pattonboggs.com

Attorney for Applicants, the Lago Agrio Plaintiffs

George D. Niespolo (SBN 72107)
Jennifer Briggs Fisher (SBN 241321)
DUANE MORRIS LLP
One Market, Spear Tower, Suite 2200
San Francisco, CA 94105-1104
T: (415) 957-3000 | F: (415) 957-3001
gdniespolo@duanemorris.com
jbfisher@duanemorris.com

Attorneys for Respondents Mason Investigative Group, Inc., Eric Mason, and Joseph Parisi

Ethan D. Dettmer, SBN 196046
edettmer@gibsondunn.com
Enrique A. Monagas, SBN 239087
emonagas@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
T: (415) 393-8292 | F: (415) 374-8444

Attorneys for Chevron Corporation

Ted W. Cassman (CSB 98932)
Arguedas, Cassman & Headley LLP
803 Hearst Avenue
Berkeley, CA 94710
T: (510) 845-3000 | F: (510) 845-3003

Attorneys for Diego Borja and Sara Portilla

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| *In re* Application of:<br><br>Dr. DIEGO GARCÍA CARRIÓN, the Attorney General Of The Republic of Ecuador, and the REPUBLIC OF ECUADOR,<br><br>Applicants,<br><br>For the Issuance of Subpoenas Under 28 U.S.C. § 1782(a) for the Taking of Depositions of and the Production of Documents by Mason Investigative Group, Inc., Eric Danford Mason, and Joseph Phillip Parisi for Use in a Foreign Proceeding | **Case No. 11-MC-80110-CRB-NMC**<br>**Case No. 11-MC-80087-CRB-NMC**<br><br>**JOINT STATUS REPORT** |

**Related Cases:**

- *In re Application of Yaiguaje, et al.*, C-10-MC-80324 CRB ("*Yaiguaje Borja 1782*")
- *In re Application of The Republic of Ecuador, et al.*, C-10-MC-80225 CRB ("*ROE Borja 1782*")
- *In re Application of the Republic of Ecuador, et al.*, 11-mc-80171-CRB ("*ROE Kelsh 1782*")
- *In re Application of the Republic of Ecuador, et al.*, 11-mc-80172-CRB ("*ROE Exponent 1782*")

## BACKGROUND

On April 27, 2011, the Ecuadorian Plaintiffs filed an Application under 28 U.S.C. § 1782 for authorization to serve subpoenas on the Mason Investigative Group, Inc., Eric Danford Mason, and Joseph Phillip Parisi (collectively, "Mason Group") for production of documents and testimony for use in litigation against interested party, Chevron Corporation ("Chevron"), then-pending before an intermediate appellate court in Ecuador. 3:11-mc-80087, Dkt. 1. On May 16, 2011, the Republic of Ecuador (the "Republic") filed a parallel application to take discovery for use in *Chevron Corporation and Texaco Petroleum Corporation v. The Republic of Ecuador*, PCA Case No. 2009-23, a Bilateral Investment Treaty arbitration (the "Treaty Arbitration"). 3:11-mc-80110, Dkt 1 (under seal). This Court granted the Republic's and the Ecuadorian Plaintiffs' respective applications on August 5, 2011, finding that the requested discovery was relevant to the Treaty Arbitration and to the Ecuadorian Plaintiffs' foreign litigation against Chevron. *See, e.g.*, *In re Republic of Ecuador*, No. 10-mc-80110 (N.D. Cal. Aug. 5, 2011) at 19-20.

## REPUBLIC'S POSITION

The Treaty Arbitration is still ongoing, and the Republic is now nearing its last opportunity to use the evidence. On or before November 29, 2013, the Republic will file its final written submission in Track 2, the phase of proceedings addressing issues to which the Republic believes the Mason Group's evidence is pertinent. In January 2014 the Tribunal will hold what is currently scheduled to be a three-week hearing on the merits. In the hope that the Court's resolution of the motion to compel would yield a further production, and further guide the parties' questioning and objections at the deposition, the Republic until recently had refrained from scheduling the deposition with the expectation that it could await this Court's ruling. However, given the passage of time, the Republic now seeks Respondents' depositions on or before October 18, 2013.

## ECUADORIAN PLAINTIFFS' POSITION

In January 2012, the Ecuadorian intermediate appellate court upheld the trial court's ruling against Chevron. Chevron appealed, and the case remains today under consideration by Ecuador's National Court of Justice. Because Chevron does not have significant assets in Ecuador, the Ecuadorian Plaintiffs have to date filed actions for recognition of the Ecuadorian judgment—

enforceable under Ecuadorian law notwithstanding the pending appeal to the high court—in Argentina, Brazil, and Canada.

The Ecuadorian Plaintiffs' need for § 1782 discovery from the Mason Group has not abated. Indeed, the Ecuadorian Plaintiffs note that Chevron continues to pursue its own long-pending § 1782 discovery actions—as recently as August 23, 2013, Chevron deposed one of the Ecuadorian Plaintiffs' lawyers in connection with a § 1782 action that has been pending in the District of Maryland since November 2011—in service of ongoing litigation with the Ecuadorian Plaintiffs, in addition to the Treaty Arbitration. For example, after the Ecuadorian intermediate appellate court ruled last year, Chevron represented to the District of Maryland that the ruling "underscore[d] Chevron's need for discovery . . . for *presentation both in potential further appeals in Ecuador* and before the international arbitration tribunal." Ex. 1 at 4 (emphasis added). Earlier this year, Chevron in the same Maryland § 1782 proceedings characterized the Ecuadorian Plaintiffs' objections to additional discovery as an "obstruction and delay" strategy because "Chevron's need for discovery is great and urgent. . . . [I]n Ecuador, Chevron's case is currently pending before that country's Supreme Court and a ruling could come at any moment." Ex. 2 at 25-26.[1] Chevron also has asserted in "status updates" submitted to other § 1782 courts that it now also requires discovery in service of the Ecuadorian Plaintiffs' foreign enforcement actions. For example, Chevron represented to the District of Columbia: "Chevron's appeal in Ecuador . . . is still ongoing, as is Chevron's arbitration in The Hague. . . . Discovery . . . is relevant and urgently required for those foreign proceedings. *In addition, Chevron requires this discovery for anticipated foreign enforcement actions.*"[2] Ex. 3 at 5-6

[1] In another § 1782 proceeding pending in Florida, Chevron has taken the position that it must take discovery in service of the Ecuadorian litigation even if an appellate court might not necessarily be amenable to receiving new evidence, in light of the possibility of further proceedings on remand: "Although this discovery is urgently needed for Chevron to use in Ecuador before the appeal is resolved, entry of an appellate decision in Ecuador will not affect this Court's jurisdiction to continue to allow discovery. . . . In *Oxus Gold* . . . although the foreign supreme court could only review evidence already in the record, discovery was permitted in anticipation of the possibility that the foreign supreme court might reverse and remand to the trial court, where the new evidence obtained from Section 1782 discovery could be used. In this case discovery is needed after judgment for similar reasons . . . ." Ex. 4 at 5 n.6.

[2] In now-pending foreign recognition actions, Chevron has attempted to discredit the Ecuadorian judgment against it as the product of a corrupt court, citing the supposed "attempted bribery" involving one-time presiding Ecuadorian Judge Juan Nuñez. Ex. 5 at 82; *see also id.* at 107 (asserting that the Ecuadorian judgment is unenforceable due to "corruption of the judges" who presided over the case). Chevron's contractor, Diego Borja—whose counsel employs the Mason

(emphasis added).

**CHEVRON'S POSITION**

Chevron takes no position in this proceeding as to "the necessity and relevance of [the] materials [sought by the ROE and the LAPs in the Mason 1782 actions] in relation to the arbitration," nor to "whether the pending motions are still pertinent." Dkt. 106 at 2.[3]

**DIEGO BORJA'S POSITION**

Mr. Borja maintains his objections to the Court's order granting the Applications of the Republic and of the Ecuadorian Plaintiffs under 28 U.S.C. § 1782 for discovery from the Mason Group. Mr. Mason and his firm were retained by Mr. Borja's counsel to perform investigative work at counsel's direction. The Mason Group's work falls within the work product doctrine and/or is protected by the attorney-client privilege. Mr. Borja continues to assert those privileges and asks the Court to find that all of the documents on his August 23, 2011 privilege log are protected by privilege. Additionally, the Court having reviewed the documents *in camera* should rule that none of the documents listed on the August 23, 2011 privilege log is relevant to the pending proceedings

---

Group—and Wayne Hansen—who corresponded with the Mason Group after fleeing to Peru to avoid being served with discovery—entered Judge Nuñez's chambers under false pretenses, armed with hidden cameras, and attempted to entrap him into engaging in misconduct on camera. *See, e.g.*, *In re Republic of Ecuador*, No. 10-mc-80110 (N.D. Cal. Aug. 5, 2011) at 18-20.

[3] The Lago Agrio Plaintiffs' baseless claim that Wayne Hansen "fle[d] to Peru to avoid being served with discovery" has been rejected by this Court. *See In re Republic of Ecuador*, 10-mc-80225-CRB, Dkt. 171 (rejecting the application of the crime fraud exception) (order filed under seal). Further, the record is clear that far from being "entrapped," Judge Nunez and other Ecuadorian officials actively solicited bribes in exchange for entering a multibillion dollar judgment in favor of the Lago Agrio Plaintiffs and against Chevron. *See, e.g., In re Yaiguaje*, 11-mc-80087-CRB, Dkt. 53 (filed under seal). For example, while the LAPs claim that Borja and Hansen "entered Judge Nunez's chambers under false pretenses," in fact, Judge Nunez met with Borja, Hansen, and various Ecuadorian government and ruling party officials in a rented room at a Holiday Inn and proceeded to discuss his anticipated ruling against Chevron in the then-pending litigation Judge Nunez was overseeing. *See id*. And while the LAPs say that "Chevron has *attempted* to discredit the Ecuadorian judgment against it as the product of a corrupt court" (emphasis added), in fact numerous tribunals have already found extensive and unrefuted evidence of fraud in the Ecuadorian judgment against Chevron. *See, e.g., Chevron Corp. v. Donziger*, No. 11-cv-00691, slip op. at 10-11 (S.D.N.Y. February 21, 2013); *In re Chevron Corp.*, No. 11-24599-CV,slip op. at 4, 26 (S.D. Fla. June 12, 2012); *Chevron Corp. v. Donziger*, 768 F. Supp. 2d 581, 636 (S.D.N.Y. Mar. 7, 2011); *In re Chevron Corp.*, 633 F.3d 153, 166 (3d Cir. Feb. 3, 2011); *In re Chevron Corp.*, 749 F. Supp. 2d 141, 167 (S.D.N.Y. Nov. 10, 2010); *In re Chevron Corp.*, No. 10-cv-1146-IEG (WMC), 2010 WL 3584520, at *6 (S.D. Cal. Sept. 10, 2010); *In re Chevron Corp.*, Nos. 1:10-mc-00021-22 (JH/LFG), slip op. at 3-4 (D.N.M. Sept. 2, 2010); *Chevron Corp. v. Champ*, Nos. 1:10-mc-27, 1:10-mc-28, 2010 WL 3418394, at *6 (W.D.N.C. Aug. 30, 2010).

in the Treaty Arbitration and the Lago Agrio Litigation. For these reasons, the Court should order that none of the documents on August 23, 2011 privilege log should be disclosed.

**THE MASON GROUP'S POSITION**

The Mason Group hereby adopts in its entirety the positions stated above by Diego Borja. With regard to the depositions of Eric Mason and Joseph Parisi, the Mason Group agrees that they may proceed on or before October 18, 2013, with an understanding that it will be at the San Francisco offices of Duane Morris, LLP on a date and at a time convenient for all parties and counsel.

Dated: September 3, 2013

Respectfully submitted,

Eric W. Bloom (admitted *pro hac vice*)
Gregory L. Ewing (admitted *pro hac vice*)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, DC 20006
T: (202) 282-5000 | F: (202) 282-5100
ebloom@winston.com
gewing@winston.com

Attorneys for Applicants, Dr. Diego García Carrión, The Attorney General Of The Republic Of Ecuador, And The Republic Of Ecuador

James E. Tyrrell, Jr. (Admitted Pro Hac Vice)
PATTON BOGGS LLP
One Riverfront Plaza, 6th Floor
Newark, NJ 07102
T: (973) 848-5600 | F: (973) 848-5601
jtyrrell@pattonboggs.com

Attorney for Applicants, the Lago Agrio Plaintiffs

George D. Niespolo (SBN 72107)
Jennifer Briggs Fisher (SBN 241321)
DUANE MORRIS LLP
One Market, Spear Tower, Suite 2200
San Francisco, CA 94105-1104
T: (415) 957-3000 | F: (415) 957-3001
gdniespolo@duanemorris.com
jbfisher@duanemorris.com

Attorneys for Respondents Mason Investigative Group, Inc., Eric Mason, and Joseph Parisi

Ethan D. Dettmer, SBN 196046
edettmer@gibsondunn.com
Enrique A. Monagas, SBN 239087
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105
T: (415) 393-8292 | F: (415) 374-8444

Attorneys for Chevron Corporation

Ted W. Cassman (CSB 98932)
Arguedas, Cassman & Headley LLP
803 Hearst Avenue
Berkeley, CA 94710
T: (510) 845-3000 | F: (510) 845-3003

Attorneys for Diego Borja and Sara Portilla