# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>Diego Garcia Carrion, the Attorney General of the Republic of Ecuador, and the Republic of Ecuador,<br><br>Applicants,<br><br>For the Issuance of Subpoenas for the taking of a Deposition and the Production of Documents by for Use in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782<br><br>In re<br><br>Daniel Carlos Lusitand Yaiguaje, et al.,<br><br>Applicants,<br><br>For an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding | Case No. 11-mc-80110 CRB (NC)<br><br>Dkt. No. 46<br><br>Case No. 11-mc-80087 CRB (NC)<br><br>Dkt. No. 89<br><br>**ORDER REQUESTING BRIEFING ON "BAD FAITH"**<br><br>Related Cases:<br><br>10-MC-80324 CRB<br>10-MC-80225 CRB<br>11-MC-80171 CRB<br>11-MC-80172 CRB |

In this extraordinary global dispute, the District Court in 2011 granted applications under 28 U.S.C. § 1782 permitting discovery for use in foreign tribunals. In accordance with that order, two sets of applicants, (1) Diego Garcia Carrion, the Attorney General of the Republic of Ecuador, and the Republic of Ecuador (the "Republic") and (2) Daniel Carlos Lusitand Yaiguaje and other plaintiffs in the Lago Agrio action (the "Lago Agrio plaintiffs") (collectively, "Applicants"), moved to compel depositions and the further production of documents from Respondents, Mason Investigative Group, Inc. (an investigative firm engaged by Diego Borja's attorneys in connection with the Lago Agrio litigation), Eric Mason and Joseph Parisi.

As of the last report from the parties, the Republic took the deposition of Eric Mason on October 18, 2013. Case No. 11-mc-80110 CRB, Dkt. No. 67. Still at issue are documents identified in the Mason Group's privilege log and withheld from production on the grounds of privilege.[1] It is possible that the Applicants may also seek a further deposition of Eric Mason, and depositions of Parisi and Mason Group, after any documents are ordered produced. Case No. 11-mc-80110 CRB, Dkt. No. 66.

This Court has delayed ordering any further discovery in this § 1782 proceeding out of concern that it would be countenancing a fraud on the courts. This concern was heightened by the recent trial findings of District Court Judge Lewis Kaplan in a RICO case against the lead attorney and representatives for the Lago Agrio plaintiffs. *Chevron Corp. v. Steven Donziger*, No. 11-cv-00691 LAK, Dkt. No. 1874, 2014 U.S. Dist. LEXIS 28253, (S.D.N.Y. Mar. 4. 2014) (motion to stay pending appeal denied in part and granted in part, Dkt. No. 1901). At the end of a 485-page decision following a bench trial, Judge Kaplan concluded that in the Lago Agrio case in Ecuador, "the course of justice was perverted" and that the decision "was obtained by corrupt means." *Id.* at

---

[1] This Court reviewed in camera certain categories of documents included in Mason Group's privilege log. *See* March 22, 2012 Order, Dkt. No. 103.

484-85. This "corrupt" decision from a foreign tribunal, in turn, underlies the discovery sought in these proceedings.

Former Magistrate Judge Edward Chen has found that "bad faith" is an appropriate discretionary consideration for the court when assessing a § 1782 discovery application. *In re Republic of Ecuador*, Case. Nos. 10-mc-80324 and 10-mc-80225, 2011 U.S. Dist., LEXIS 23666, at *24 (N.D. Cal. Feb. 22, 2011) (citations omitted). He considered whether the Court would be "countenancing misconduct" by granting Ecuador's application. *Id.* At the time, Judge Chen concluded that the "allegations and evidence of bad faith here remain speculative and are an insufficient basis to deny the application outright." *Id.* at *28.

The evidence of "bad faith" and misconduct in the Lago Agrio litigation is no longer speculative. The question presented is whether this bad faith should bar or limit the remaining discovery sought in these proceedings. Further briefing from the parties is requested: by Respondents and Chevron within 14 days of this Order; by Applicants within 14 days after the opening brief; reply to follow within 7 days. The Court may set a hearing after reviewing the briefs.

Any party may object to this non-dispositive order within 14 days of the filing date of this order. *See* Civil Local Rule 72-2.

IT IS SO ORDERED.

DATED: May 22, 2014

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

3
Case Nos. 11-mc-80110 CRB (NC), 11-mc-80087 CRB (NC)
ORDER RE: FURTHER BRIEFING